IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ARREDONDO ALVARDO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI HERLONG,<br><br>Respondent. | No.  2:24-CV-3066-DC-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  See ECF No. 1. Pending before the Court is Respondent's motion to dismiss and Plaintiff's opposition.  See ECF Nos. 11 and 12.


**I.  BACKGROUND**[1]

In 2024, Petitioner was charged in the United States District Court for the Eastern District of California with conspiracy to distribute a controlled substance.  See ECF No. 11-1 (Appendix).  Petitioner pleaded guilty and, on January 8, 2024, was sentenced to 103 months in the custody of the Bureau of Prisons (BOP).  See id.  Petitioner's current projected release date is

---

[1] Facts are derived from various court records provided by Respondent in the Appendix filed in support of the motion to dismiss.  See ECF No. 11-1.  The Court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).

1

July 10, 2031.  See id.  Petitioner seeks to be placed in a different BOP facility and for relief under the First Step Act (FSA) by increasing earned time credit courses at FCI-Herlong.  See ECF Nos. 1, pg. 5, and 12, pgs. 1-3.

## II.  DISCUSSION

In the motion to dismiss, Respondent argues: (1) this case must be dismissed because Petitioner failed to exhaust administrative remedies with the BOP; and (2) this case must be dismissed for lack of standing to challenge BOP's discretionary actions under the First Step Act (hereafter "FSA").  See ECF No. 12, pg. 1. The FSA was enacted on December 21, 2018, and implemented a number of prison and sentencing reforms, including computation of good time credits, reducing and restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the Fair Sentencing Act, and the availability of early release. See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

### A.   **Exhaustion of Administrative Remedies**

Respondent contends the Court should dismiss the case because Petitioner failed to exhaust administrative remedies. Respondent argues:

> "While § 2241 has no exhaustion requirement, '[a]s a prudential matter [] court requires habeas petitioner exhaust all available judicial and administrative remedies before seeking relief under § 2241.' *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Indeed, exhaustion of administrative remedies aids 'judicial review by allowing the appropriate development of a factual record in an expert forum,' conserves 'the court's time because of the possibility that the relief applied for may be granted at the administrative level,' and allows 'the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.' *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir.1983). Unless some exception to the exhaustion rule applies, a § 2241 petition should be dismissed if the petitioner has failed to exhaust his administrative remedies. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Chua Han Mow v. United States*, 730 F.2d 1308, 1313-14 (9th Cir. 1984)."

See ECF No. 11, pgs. 2-3.

///

///

///

Here, Petitioner only alleges that exhaustion is "futile at FCI Herlong" because they do not give inmates administrative forms or respond with administrative remedies. See ECF No. 12, pg. 2. However, Petitioner has not presented evidence that he has sought any administrative relief from the BOP prior to filing his complaint. Petitioner's reliance on Renteria v. Warden, FCI-Herlong, 2:24-cv-0826-CKD-P, is misguided, as the court held there that the failure to exhaust administrative remedies was moot and, thus, the issue was not decided. Respondent should be given an opportunity to resolve the issue for the sake of executive branch administrative independence and judicial branch efficiency, and in the absence of Petitioner's appropriate efforts at exhaustion, no such opportunities have been afforded Respondent. For this reason, the Court finds that Petitioner's requested relief under § 2241 is not appropriate at this time, as Petitioner has not exhausted administrate remedies which might result in resolution of this case without Court intervention. See Martinez, 804 F.2d at 571; Chua Han Mow, 730 F.2d at 1313-14.

### B.  Failure to State a Claim

Respondent also argues Petitioner fails to state a claim upon which relief can be granted because Petitioner seeks to compel a discretionary act. See ECF No. 11, pg. 4. According to Respondent:

> "Significantly, § 601 of the FSA amended § 3621(b) applies in two ways. As Petitioner notes, it provides that, 'subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, a request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns,' the BOP should designate and house a prisoner 'as close as practicable to the prisoner's primary residence and to the extent practicable, in a facility within 500 driving miles of that residence.' However, Part (b) of § 601 then adds the following as the last sentence to 18 U.S.C. § 3621(b): 'Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.' See Section 601 of Pub. L. 115-391, 132 Stat. 5194, December 21, 2018. As a result, this court-of-custody lacks jurisdiction to review BOP's placement decision."

See id.

///

3

Respondent adds:

> "The most important. . .doctrine[] is standing. *See Allen v. Wright,* 468 U.S. 737, 750 (1984). To establish standing, '[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.' *Id.* at 751. The injury must be 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,' 'not conjectural or hypothetical.' *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (citations omitted). A determination of standing is based on the facts at the time the action is filed. *See Hargrave v. Vermont,* 340 F.3d 27, 34 n. 7 (2d Cir.2003). Here, Petitioner is eligible to earn FSA ETCs and indeed is earning ETCs under assessed programming. Appendix pp 18-21. Petitioner does not challenge his programming assessment, or the fact that he is eligible to earn ETCs, or that he is in fact earning ETCs, all at FCI-Herlong. *See generally* ECF 1. Accordingly, Petitioner has no standing for the declaratory and advisory relief he demands. *Accord Nettles v. Grounds,* 830 F.3d 922, 928 (9th Cir. 2016) (only actions that would necessarily result in earlier or immediate release, "duration" claims, are properly within the "core of habeas" and appropriate under § 2241)."

See id. at 11.

The Court also finds these arguments persuasive. Here, the FSA provides a mechanism for the BOP to exercise its discretion concerning placement of inmates. Federal courts lack jurisdiction to review the BOP's discretionary inmate placement decisions. See Reeb v. Thomas, 636 F.3d 1224, 1228 (9th Cir. 2011). The Court agrees that the First Step Act's requirement "that an inmate be housed within 500 miles from home" is not a mandatory directive. See ECF Nos. 12, pg. 1, 12. The statute is quite clear and unambiguous, and Respondent is correct that § 3621 "merely requires that, to the extent practicable, a person be place in a facility within 500 driving miles of their primary residence." See ECF No. 11, pg. 4.

As to the Respondent's lack of standing argument, the Court agrees with Respondent as there is satisfactory evidence that Plaintiff is eligible for time credit, FCI-Herlong has sufficient time credit courses, and has been earning time credits through these courses while at FCI-Herlong. See ECF No. 11-1, pg. 21. The "failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." See Mejia Rodriguez v. Reno, 178 F.3d 1139, 1146 (11th Cir. 1999) (citing Conn. Bd. of Pardons v.

4

Dumschat, 452 U.S. 458, 465 (1981)).

Thus, Petitioner does not state a claim upon which relief can be granted under 28 U.S.C. § 2241.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 11, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 24, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE